JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06526-RGK-E | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Lisa Douglass v. Lyft Inc., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant Lyft's Motion for Judgment on the Pleadings [DE 74].

## I.  INTRODUCTION

Lisa Douglass ("Plaintiff"), in *pro se*, filed a class-action complaint against Lyft, Inc., John Zimmer, Logan Green, and Aldy Damian (collectively, "Defendants"). The Complaint alleged violations of the Sherman Antitrust Act, forced labor conspiracy, wire fraud conspiracy, conspiracy, and "constitutional wrongs under the Fourth Amendment." Then, on September 30, 2020, Plaintiff filed a First Amended Complaint ("FAC"), dropping the class-action allegations, but adding claims under the Federal Fair Labor Standards Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *Bivens*, the California Business & Professional Code §§ 17200, et seq., and the American with Disabilities Act ("ADA").

Later, the Court granted Damian's and Lyft's Motions to Dismiss. The Court dismissed all claims against Damian. The Court also dismissed all claims against Lyft, Zimmer, and Green except for violations of the Sherman Antitrust Act and forced labor conspiracy as they were not before the Court.

Plaintiff then filed a Motion for Reconsideration. That motion sought to keep Damian, the *Bivens* claim, and the ADA claim in the case. Plaintiff also filed a Motion to Amend the FAC to replace Doe Defendants with identified individuals. The Court denied her motions.

Around the same time, the Court issued an Order to Show Cause as to why Zimmer and Green should not be dismissed for lack of prosecution. Plaintiff failed to adequately respond to the OSC, so the Court dismissed without prejudice all her claims against Zimmer and Green. (ECF No. 72).

Thus, Plaintiff's only remaining claims were for violations of the Sherman Antitrust Act and forced labor conspiracy against Lyft.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06526-RGK-E | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Lisa Douglass v. Lyft Inc., et al* | | |

Now before the Court is Lyft's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).

For the following reasons, the Court **GRANTS** Lyft's Motion.

## II.   FACTUAL BACKGROUND

Plaintiff's FAC contains many fantastical assertions and claims, but it is light on factual allegations. The crux of Plaintiff's FAC seems to be:

Plaintiff was a driver on the Lyft platform. In November 2019, Plaintiff received a ride request from a rider named "Carrion." The ride would be from LAX to Palm Springs, and Plaintiff would have received between $100 to $150 for the ride. Even though neither Carrion nor Plaintiff declined the ride request, Lyft removed the ride from Plaintiff's app, causing Plaintiff economic loss.

In a totally unrelated incident, on June 8, 2018, Plaintiff was driving a passenger on the Lyft app. Damian's daughter hit Plaintiff's vehicle from behind, causing injury to Plaintiff and her car. Lyft refused to pay for Plaintiff's injuries, even though Lyft provides "first line insurance for all damages to the person and the vehicle." FAC ¶ 11. When she complained to Lyft, Lyft retaliated against her by using spy technology to take her off their app, hampering Plaintiff's ability to make money.

## III.   JUDICIAL STANDARD

A motion for judgement on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The same judicial standard applies to motions brought under either rule. *Cagasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). The only significant difference is that a Rule 12(c) motion is brought after an answer has been filed, but early enough not to delay trial, whereas a Rule 12(b)(6) motion must be filed before an answer. Fed R. Civ. P. 12(b)-(c).

A motion for judgement on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgement as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06526-RGK-E | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Lisa Douglass v. Lyft Inc., et al* | | |

### IV. DISCUSSION

Lyft asks the Court to dismiss the two remaining claims against it—violations of Section 1 of the Sherman Antitrust Act and forced labor conspiracy. Lyft argues that the antitrust claim must fail because Plaintiff has failed to allege any facts that Lyft engaged in relevant agreements with a separate person or entity, Lyft intended to harm or restrain competition, Lyft's conduct restrained competition, Plaintiff suffered an antirust injury, or Lyft has market power.

With respect to the forced labor conspiracy claim, Lyft argues that claim must fall because her allegations, which relate to Lyft not paying her medical insurance and "forc[ing her] to work unfairly while injured," do not relate to any violations of 18 U.S.C. § 1589, the statute she is suing under.

Based on a review of Plaintiff's FAC, Lyft's arguments, and the applicable law, it appears that Lyft could successfully challenge Plaintiff's claims. But the Court need not delve into their merits as Plaintiff has failed to timely oppose Lyft's motion. (*See* Order Striking Opposition, ECF No. 80). Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of a motion. As a result, Plaintiff has consented to Court's granting of Lyft's Motion. The claims for violation of the Sherman Antitrust Act and forced labor conspiracy are dismissed. In addition, a review of the pleadings and moving papers suggests that amendment would be futile. Thus, the dismissal is with prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Lyft's Motion for Judgment on the Pleadings. The claims for violating the Sherman Antitrust Act and forced labor conspiracy are **dismissed with prejudice**.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | |